# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GERRY L. RANSON,**
**D.O.C. # B114511,**

      **Plaintiff,**

**vs.**                    **Case No.  4:21cv431-MW-MAF**

**NYKA OCCONNOR, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On October 26, 2021, the pro se Plaintiff sought to initiate this case. He submitted a document which was titled as a petition for a writ of habeas corpus.  ECF No. 1.  However, Plaintiff simultaneously submitted four such cases: case number 4:21cv430-AW-MAF, case number 4:21cv431-MW-MAF, case number 4:21cv432-AW-MAF, and case number 4:21cv433-WS-MAF.  He also submitted case number 4:21cv395-AW-EMT on September 23, 2021.  As Plaintiff is well aware, a prisoner cannot submit multiple habeas petitions; indeed, he has already had numerous such petitions

dismissed in the Middle District of Florida.[1]   Moreover, the "petition" does

not seek habeas relief; rather, the nature of the "petition" is to complain

about the conditions of his confinement.  Thus, the "petition," ECF No. 1, is

deemed to be a civil complaint and this is a civil case, not a habeas

petition.

Recently, Plaintiff sought to file three prior civil actions in this Court:

(1) case number 4:21cv369-WS-MAF, filed on September 8, 2021; (2) case

number 4:21cv392-WS-MAF, filed on September 22, 2021; and (3) case

number 4:21cv370-MW-MAF, filed on September 8, 2021, using the name

Gerry Laird Ranson-Cooper.  Because of those three recent cases, Plaintiff

knows full well that he is not entitled to proceed in this Court with a civil

---

[1] Plaintiff filed five habeas cases in the Middle District of Florida under the name Gerry Ranson: **(1)** case # 8:08cv02603, Ranson v. Attorney General, State of Florida, filed on 12/31/2008, dismissed on 01/05/2009; **(2)** case # 6:09cv005, Ranson v. Attorney General, filed on 12/31/2008, dismissed on 02/20/2009; **(3)** case # 8:09cv02401, Ranson v. Attorney General, filed on 11/24/2009, dismissed on 04/07/2010; **(4)** case # 8:18cv02564, Ranson v. Secretary, DOC, filed on 10/18/2018, dismissed on 10/24/2018; **(5)** case # 8:19cv0401, Ranson v. Secretary, DOC, filed on 02/14/2019, dismissed on 03/06/2019.  Two additional cases were filed under the name Gerry Ranson-Cooper: **(6)** case # 6:11cv00818, Ranson-Cooper v. Secretary, DOC; filed on 05/16/2011, dismissed on 05/24/2011; **(7)** case # 8:11cv01156, Ranson-Cooper v. Secretary, DOC; filed on 05/16/2011, dismissed on 06/01/2011.  Additionally, Plaintiff filed three more habeas cases in the Southern District of Florida: **(1)** case # 2:02cv14303, Ranson v. Brown, filed on 10/31/2002, dismissed on 11/22/2002; **(2)** case # 1:02cv23269, Ranson v. Cross Enviromental, filed on 11/07/2002, dismissed on 05/08/2003; and **(3)** case # 1:11cv21764, Ranson-Cooper v. DOC; filed on 05/12/2011, dismissed on 06/17/2011.

case unless he pays the entire filing fee at the time of case initiation.

Plaintiff did not pay the filing fee as required.

By attempting to title the pleading as a habeas petition, it appears that Plaintiff is attempting to avoid the "three strikes" bar of § 1915(g).  The title does not, however, control the nature of the case.  Because this case does not challenge a criminal conviction, sentence, or the loss of gain time, it is not a habeas petition; it is a civil case.  Furthermore, because Plaintiff submitted four cases simultaneously, it appears that Plaintiff is attempting to use litigation as a recreational endeavor.  This cannot be permitted to continue.  Plaintiff's complaint is illegible, nonsensical, and malicious.

To file a civil case in federal court, a plaintiff must either pay the filing fee of $402.00 or file an in forma pauperis motion.  28 U.S.C. § 1915. Plaintiff is a frequent filer and knows that.  However, Plaintiff did not submit an in forma pauperis motion.  Presumably he did not do so because he knew such a motion would not be granted.  The orders entered in Plaintiff's recent litigation in this Court outlined that Plaintiff has "three strikes."

Judicial notice is taken that Plaintiff has filed a multitude of cases in the past, and he has had more than three cases dismissed for the reasons

listed in § 1915(g).[2]  Case number 8:98-cv-02210-RAL was filed in the

United States District Court for the Middle District of Florida and dismissed

on November 2, 1998, because it was "clearly baseless, fantastic, and

delusional in character."  ECF No. 4 of that case.  Case number 3:09cv04-

LC-MD was filed in this Court and dismissed on March 30, 2009, as

malicious.  Case number 8:97-CV-01394-SDM was filed in the Middle

District of Florida and dismissed on June 11, 1997, as frivolous.  Plaintiff is

well aware of those cases because they were recently identified for him in

case number 4:21cv392-MW-MAF.

Finally, Plaintiff has attempted to mislead this Court by listing his

D.O.C. inmate number as a Florida Bar number.  *See* ECF No. 1 at 1.  The

title page of the "petition" states that Plaintiff is an attorney, "a.k.a. Candy-

Red," and is "under lunacy forever."  *Id.*  When Plaintiff submitted case

number 4:21cv392-MW-MAF, he stated his name was Gerry Ranson, P.A.,

and then signed the complaint as "Mr. Gerry Ranson, Attorney at Law."

---

[2] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:21cv431-MW-MAF

ECF No. 1 at 1, 11 of that case.  Plaintiff is not an attorney licensed to practice in the State of Florida; he is incarcerated in the Florida Department of Corrections.  Thus, Plaintiff was directed in the prior case "to litigate this case in his name only," but he has once again attempted to deceive this Court and pass himself off as an attorney.  Under the circumstances, this case has been maliciously filed and is an abuse of the judicial process.

Because the instant complaint does not allege that Plaintiff faces imminent danger of serious physical injury, this case should be dismissed under § 1915(g).  Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  *Id.*  Moreover, this case should also be dismissed as malicious and an abuse of the judicial process.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED as malicious,** and because Plaintiff is not entitled to proceed with a civil case unless he simultaneously submits the $402.00 filing fee.  It is also

Case No. 4:21cv431-MW-MAF

**RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(g).

      **IN CHAMBERS** at Tallahassee, Florida, on November 2, 2021.


      S/     Martin A. Fitzpatrick
      **MARTIN A. FITZPATRICK**
      **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv431-MW-MAF